1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IAN HUNTER,

        Plaintiff,

    v.

OHIO INDEMNITY COMPANY,

        Defendant.

_____/

No. C 06-03524 JSW

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, TO STRIKE, AND FOR A MORE DEFINITE STATEMENT**

      The motion filed by defendant Ohio Indemnity Company ("Ohio Indemnity") to dismiss, to strike, and for a more definite statement is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for August 25, 2006 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby denies Ohio Indemnity's motion.

**BACKGROUND**

      Plaintiff Ian Hunter, Ph.D, is the Chair of the Trustees of the Unemployment Insurance Trust ("Trust"). (Complaint, ¶ 1.) The Trust entered into insurance contracts with Ohio Indemnity on behalf of non-profit agencies ("Employers") to limit their exposure for unemployment insurance liability. (*Id*., ¶¶ 1, 4.) This action centers around two insurance policies covering the years 2002 and 2003. The Trust submitted a claim for $328,212 under the 2002 policy and a claim for $3,723,151 under the 2003 policy. (*Id*., ¶ 5.) Ohio Indemnity denied the entire claim under the 2002 policy and granted only $343,867 under the 2003 policy. (*Id*., ¶ 5.)

United States District Court

For the Northern District of California

The Trust alleges that Ohio Indemnity breached the insurance contract by failing to pay the full claims amounts.  Specifically, the Trust alleges that Ohio Indemnity improperly: (1) limited covered benefits to those that were both billed by the state unemployment compensation agency and paid by the Trust during the policy year, (2) failed to reimburse the Trust for $1,112,941 in claims that were both billed by the state unemployment compensation agency and paid by the Trust during 2003, (3) required the Trust to include in the Trust's retained obligation under the policies the estimated taxable payroll for the full year for Employers who terminated their participation in the Trust mid-year, and (4) excluded claims paid by the Trust after the Employers chose not to protest such claims.  (*Id.*, ¶¶ 6, 8.)

Based on these allegations, the Trust is bringing a breach of contract claim against Ohio Indemnity, as well as a bad faith claim.  Ohio Indemnity filed a motion seeking: (1) to dismiss the Trust's claims, (2) to strike the provisions of the Complaint asserting these claims, as well as the request for punitive damage, and (3) for a more definite statement with respect to one paragraph in the Complaint.

## ANALYSIS

**A.    Applicable Legal Standards.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Motions to dismiss are viewed with disfavor and are rarely granted.  *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986).  A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).  All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996).

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id.* Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991). The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. at 1028.

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Motions for more a definite statement are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal.1994). Moreover, such motions may not be used as a substitute for discovery. *Id.*

**B.      Ohio Indemnity's Motion.**

      **1.      Motion to Dismiss.**

The parties dispute how certain terms in the insurance policies at issue should be interpreted. The Trust alleges that "covered benefits" should not be limited to claims that were both billed by the state unemployment compensation agency and paid by the Trust during the policy year and that the Trust's "retained obligation" should not include the estimated taxable payroll for the full year for Employers who terminated their participation in the Trust mid-year. Ohio Indemnity argues that the provisions at issue in the insurance policies are unambiguous, and thus, may be interpreted by the Court as a matter of law. Even if the Court were to find in Ohio Indemnity's favor on these points and adopt its proposed constructions as matter of law,

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   the Trust alleges another basis for the breach of contract claim - that Ohio Indemnity failed to

2   reimburse the Trust for $1,112,941 in claims that were both billed by the state unemployment

3   compensation agency and paid by the Trust during 2003.  (Complaint, ¶ 8.)  Thus, regardless of

4   which party's interpretation the Court adopts, the Trust sufficiently states a breach of contract

5   claim.  Accordingly, the Court denies Ohio Indemnity's motion to dismiss the Trust's breach of

6   contract claim.

7        Ohio Indemnity's motion to dismiss the Trust's bad faith claim is premised on its

8   argument that the Trust fails to allege an underlying breach of contract.  Because the Court finds

9   that the Trust sufficiently alleges a breach of contract claim, Ohio Indemnity's motion to dismiss

10  the bad faith claim is denied as well.

11       **2.    Motion to Strike.**

12       With the exception of the request for punitive damages, Ohio Indemnity's motion to

13  strike is in essence the same as its motion to dismiss.  Ohio Indemnity seeks to strike all

14  provisions of the Complaint asserting the breach of contract and bad faith claims, arguing that

15  the Trust failed to sufficiently allege these claims.  The Trust's allegations supporting these

16  claims are not "immaterial matter."  *See* Fed. R. Civ. P. 12(e); *California Dept. of Toxic*

17  *Substance Control*, 217 F. Supp. 2d at 1032.  Therefore, the Court denies Ohio Indemnity's

18  motion to dismiss this provisions.

19       With respect to the request for punitive damages, under both California and Ohio law, to

20  hold a company liable for punitive damages based on the acts of its employee, the employee

21  must be a "managing agent" or the company must have authorized, ratified, acquiesced or

22  participated in the employee's conduct.  *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566-67 (1999)

23  (defining "managing agent" as employee "who exercise[s] substantial independent authority and

24  judgment in their corporate decisionmaking so that their decisions ultimately determine

25  corporate policy"); *Foust v. Valleybrook Realty Co.*, 4 Ohio App. 3d 164, 168 (1981) (holding

26  company could not be held liable for punitive damages where there was no evidence that it

27  authorized, ratified, or participated in any wrongdoing).  Here, the Trust alleges that Ohio

28  committed the alleged acts "through its managing agents who acted despicably with a malicious

**United States District Court**

For the Northern District of California

intent to cause injury to the Trust and with a willful and conscious disregard of the rights of the Trust." (Complaint, ¶ 18.) The Trust's allegations regarding punitive damages are sufficient. Whether the alleged acts were committed by managing agents of Ohio Indemnity is a question of fact which is not proper for the Court to decide at this procedural stage. Accordingly, the Court denies Ohio Indemnity's motion to strike the request for punitive damages.

### 3.     Motion for a More Definite Statement.

Lastly, Ohio Indemnity argues that paragraph eight of the Complaint is so ambiguous that the Court should order the Trust to provide a more definite statement. Motions for more a definite statement are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan*, 874 F. Supp. at 1077. The Trust alleges that Ohio Indemnity failed to pay insurance on claims that were both billed and paid in the same policy year. (Complaint, ¶ 8.) The Court finds that the allegations of paragraph eight are not so indefinite that Ohio Indemnity cannot ascertain the nature of the Trust's claim. Accordingly, the Court denies Ohio Indemnity's motion for a more definite statement.

### CONCLUSION

For the foregoing reasons, Ohio Indemnity's motion to dismiss, to strike, and for a more definite statement is DENIED.

**IT IS SO ORDERED.**

Dated: August 22, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE