**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IAN HUNTER,

        Plaintiff,

    v.

OHIO INDEMNITY COMPANY,

        Defendant.

_____/

No. C 06-3524 JSW  (JL)

**ORDER DENYING REQUEST TO COMPEL DEPOSITION (Docket # 44)**

### Introduction

All discovery in this case has been referred by the district court (Hon. Jeffrey S. White) as provided by 28 U.S.C. §636(b) and Civil Local Rule 73. This Court received the parties' joint letter brief regarding a discovery dispute over the deposition of Betsy Jansen, a non-party unpaid Trustee of Plaintiff Unemployment Insurance Services ("UST").

### Background

UST provides services to non-profit agencies to administer and pay their unemployment insurance liabilities in compliance with various states' laws. Defendant Ohio Indemnity Company provided "stop-loss" insurance coverage to UST. UST claims Ohio Indemnity wrongfully denied or reduced coverage when UST had an unusually large number of claims for which excess coverage was needed in 2002 and 2003.

### The Discovery Dispute

United States District Court

For the Northern District of California

1  Defendant asks this Court to order the deposition of Betsy Jansen, one of Plaintiff's

2  trustees in this insurance coverage case solely on the basis that she is a Chartered

3  Property and Casualty Underwriter ("CPCU"). Defendant theorizes that "she is the trustee

4  most qualified to testify regarding the issues raised by plaintiff's first amended complaint. . .

5  and therefore the trustee who is most likely to be able to give meaningful testimony

6  regarding the issues in this case." Defendant is willing to depose her in or near Denver,

7  Colorado, where she lives.

8  Ms. Jansen requests for personal reasons that she not be deposed in this matter.

9  Her husband has cancer and is undergoing chemotherapy. Being put through a deposition

10  at this time would be stressful to both of them. She mentions that another Trustee, Ian

11  Hunter, has agreed to be deposed in this case.

12  Ms. Jansen testifies that she is a volunteer trustee of UST. She admits that she is

13  generally aware that Ohio Indemnity provided stop-loss insurance to UST and its

14  predecessor companies in the late 1990's and early 2000's. However, she did not review

15  the texts of the policies. She was not involved in any of the negotiations for the policies and

16  is familiar with them only to the extent that Holly Smith Jones, the Executive Director of

17  UST, or Betsey Brewer, an insurance broker, may have reported on them at or in advance

18  of a trustee meeting. She has not communicated directly with anyone from Ohio Indemnity

19  concerning the stop-loss policies or its denial of coverage. Outside the context of

20  confidential communications with UST's counsel concerning Ohio Indemnity's denial of

21  coverage, she has no personal knowledge concerning issues in this case.

22  Although she is certified by the American Institute for CPCU as a Chartered Property

23  and Casualty Underwriter, she does not intend to provide any testimony at trial, and in

24  particular will not testify as an expert on any issue, including the 2002 or 2003 stop-loss

25  claims or Ohio Indemnity's contentions.

26  **Analysis and Conclusion**

27  Rule 26(b)(2)(B) authorizes a court to limit discovery if it is obtainable from another

28  source that is less burdensome or if the burden outweighs its likely benefit. In the case at

**United States District Court**

For the Northern District of California

1  bar, Trustee Ian Hunter, the named plaintiff along with UST, has agreed to be deposed and

2  the burden of a deposition on Ms. Jansen, who has virtually no knowledge of any issues

3  specific to the coverage at issue, and is caring for a spouse with a life-threatening illness,

4  would be inhumane as well as unproductive. Accordingly, the motion to compel Ms.

5  Jansen's deposition is denied.

6      IT IS SO ORDERED.

7  DATED: September 21,  2007

8

9  _____
   JAMES LARSON
10                Chief Magistrate Judge

11

12

13

14

15

16  G:\JLALL\CHAMBERS\CASES\CIV-REF\06-3524\ord-deny-44 .wpd

17

18

19

20

21

22

23

24

25

26

27

28