IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IAN HUNTER,

    Plaintiff,

v.

OHIO INDEMNITY COMPANY,

    Defendant.

No. C 06-03524 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 4, 2008, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively grants in part and denies in part** the motion for summary judgment filed by defendant Ohio Indemnity Company ("Ohio Indemnity"). The parties each shall have fifteen (15) minutes to address the following questions:

(1) Based on additional reports run in September 2007, Plaintiff Ian Hunter, Ph.D, as the Chair of the Trustees of the Unemployment Insurance Trust ("Trust") contends that it is owed an additional $140,113 under the 2002 policy, bringing the total claim to $468,325, and an additional $221,904 under the 2003 policy. (*See* Declaration of Frances McCutchon ("McCutchon Decl."), ¶¶ 11-13; Declaration of Holly Smith Jones ("Smith Jones Decl."), Ex. 57.)

    (a) The Trust contends that the claim under the 2003 policy should be increased from $3,723,151 to $3,971,428. However the difference between $3,723,151 and $3,971,428 is $248,277. What is the amount the Trust contends is owed under the 2003 policy - $3,945,055 (based on an additional $221,904) or $3,971,428 (based on an additional $248,277)?

    (b) What is Ohio Indemnity's position regarding these additional amounts sought by the Trust?

(2) What is the amount of the Trust's claim under the 2003 policy that was billed in 2002? Ohio Indemnity contends it is $938,685 (Rev. Mot. at 3) and the Trust contends it is $805,754 (Opp. at 7)? On what evidence in the record do the parties rely for their respective positions?

(3) Where is Ohio Indemnity incorporated and where is its principal place of business? Does the Trust dispute that at least one of these locations are in Ohio?

(4) Are there any other issues the parties wish to address?

Dated: January 3, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2